## NEVIN BUS LINES v. RITENOUR.
### No. 6012.

Circuit Court of Appeals, Sixth Circuit.
Nov. 11, 1932.

A. J. Halloran, of Springfield, Ohio, and Barnum, Hammond, Stephens & Hoyt, of Youngstown, Ohio, for appellant.

John Ruffalo, of Youngstown, Ohio, for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellant was a common carrier of passengers for hire by means of motorbusses. On July 27, 1930, appellee, a passenger, was on a journey on one of appellant's busses from Pittsburgh, Pa., to Youngstown, Ohio. The rear portion of the bus was double decked, and appellee occupied the front right-hand seat on the upper deck, next to the window. The bus left the Pittsburgh terminal at 5:10 p. m., and, when it had traveled about eighty-five miles, and at about 7:30 p. m., which was near dark, but before the headlights were turned on, and about two hundred yards after it had passed a slight curve, the bus ran off, or partly off, the right side of the road, then turned again into the road, and, when it had almost stopped, overturned upon its left side, injuring appellee. There is evidence tending

to establish that at the time of the accident the bus was being operated at fifty or more miles per hour, and had been so driven except while leaving Pittsburgh, while passing through villages, while halting for traffic, and during a ten-minute rest period. The highway was of the ordinary macadam type, rough in some places and smooth in others. The bus weighed about ten thousand pounds, and at the time of the accident was carrying twenty-one passengers.

Before it left the road the bus had lost the rim and tire of the right front wheel. This rim with the tire attached was found off the road, about one hundred and fifty feet in the rear of the overturned bus. It does not appear how far the tire had rolled of its own momentum. The tire was a thirty by eight heavy duty tire. When left unsupported by the tire, the right front portion of the chassis dropped about eight inches, and ran on the disk of the right front wheel. There is evidence tending to show that a condition of this kind would throw such a strain upon the steering apparatus as would probably cause the narrow arm of the steel pitman, which controlled the steering gear, to snap off with a clean break, leaving the bus beyond control.

Appellant's inspector testified that the lowering of the chassis due to the loss of the tire should have been known immediately to the driver. However, the driver admitted that he did not know that the tire was gone until after the accident. He did not sense the impending peril until he felt a jerk in the steering wheel. A jury might very reasonably infer that this jerk was caused by the breaking of the pitman rod which resulted from the loss of the tire and rim of the front wheel.

Upon the record presented it is within our province to consider only two of the assignments of error, i. e.: (1) That the court should have directed a verdict for appellant; and (2) that the court erred in instructing the jury that appellee was not guilty of contributory negligence in failing to warn the chauffeur that he was driving too fast.

■ First, as to the refusal to direct a verdict. The law required of appellant through its driver the exercise of the utmost care to protect its passengers against the possibility of an accident. We do not think that it can be said as a matter of law that a speed of fifty miles per hour under the indicated circumstances and conditions was not excessive, and did not cause the bus to cast its tire and overturn.

■ Second, it was not error to instruct the jury that appellee's failure to advise the driver that appellee thought he was driving too fast presented no issue of contributory negligence. The driver was not the agent of appellee, and appellee could exercise no control over him. Little v. Hackett, 116 U. S. 366–380, 6 S. Ct. 391, 29 L. Ed. 652; Harmon v. Barber, 247 F. 1–6, L. R. A. 1918F, 428 (C. C. A. 6); Monongahela River Consol. C. & C. Co. v. Schinnerer, 196 F. 375–381 (C. C. A. 6).

Affirmed.